# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RONALD NEWLON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:12CV1303 CEJ |
| | ) |
| STILL REGIONAL MEDICAL CTR., et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Ronald Newlon (registration no. 185874), an inmate at Potosi Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $6.00. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of

(1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $30.00, and an average monthly balance of $1.69. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $6.00, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken

for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff, an inmate at Potosi Correctional Center, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights.  Plaintiff has named twenty-nine defendants in this action, including medical care providers and  employees of the Missouri Department of Corrections.

While plaintiff makes rambling allegations that are difficult to understand, it appears that the gist of his complaint pertains to medical care he received from 1993 to the present.[1]  Because of the inartful drafting of the complaint, it cannot be determined which actions plaintiff attributes to each defendant.

Plaintiff alleges that he has suffered from pain in his back, finger, feet and knees, and he describes the treatment he has received.  He alleges that he has been denied surgery on his finger even though it was ordered by two doctors.  He asks that  the Court "look into why they won't do the surgery on my R-index finger and to get the doctor to do so as Ordered by Dr. Helmeray and Dr. Williams at ERDCC."  Plaintiff also seeks $1.5 million in damages for the pain and suffering of needing his second toe removed after his bunion surgery and for the pain he is having due to the injuries on his right index finger.

## Discussion

---

[1] Several of the "bad acts" or physical pain that plaintiff discusses occurred in, or prior to, 2006, or more than five years ago.  For example, he does mention that he asked for amputation of his right index finger but that Dr. McKinney refused his request in 2006, along with Kim Randolph.

"Civil rights pleadings should be construed liberally. At the very least, however, the complaint must contain facts which state a claim as a matter of law and must not be conclusory." Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995). In his complaint, plaintiff makes only conclusory allegations and fails to make a specific allegation regarding a request he made for a specific treatment that was denied by a specific person at a specific time (within the past five years).[2] As such, the complaint fails to state a claim in that it fails to allege any facts, which if proved, would afford a basis for the granting of relief. Iqbal, 129 S. Ct. at 1949-51; see also, Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits); Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997) (noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under

---

[2]The Court notes that to the extent plaintiff is attempting to pursue claims that arose more than five years before the date of his complaint, these claims are subject to dismissal, as they are barred by the statute of limitations. See Sulik v. Taney County, Mo., 393 F.3d 765, 766-67 (8th Cir. 2005) (§ 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations); Mo. Rev. Stat. § 516.120(4).

§ 1983); Woods v. Goord, 1998 WL 740782, at *6 (S.D.N.Y. October 23, 1998) (receiving letters or complaints does not render prison officials personally liable under § 1983).

Even if plaintiff's allegations were cognizable as stated, his complaint would still be subject to dismissal.  The complaint is silent as to whether defendants are being sued in their official or individual capacities.  Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official.  To the extent that defendants are Department of Corrections employees and employed by the State of Missouri, Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989), they cannot be held liable under § 1983 in their official capacities. To the extent that defendants are employees of Correctional Medical Services, Inc. ("CMS" or Corizon, Inc.), plaintiff must have alleged that a policy or custom of CMS was responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978).  Because the instant complaint does not contain any allegations that a policy or custom of CMS was

responsible for the alleged violations of plaintiff's constitutional rights, the complaint fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $6.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 17th day of December, 2012.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE